# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31185
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2015

Lyle W. Cayce
Clerk

Cons w/ 15-30374

ANDERSON WALLACE, JR.,

      Plaintiff - Appellant

v.

MAGNOLIA FAMILY SERVICES, L.L.C.,

      Defendant - Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-4703

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Anderson Wallace, Jr., appeals an order denying his motion to amend his complaint, an order entering summary judgment for the defendant Magnolia Family Services, L.L.C., and an order denying Wallace's Rule 60 motion. We AFFIRM.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31185 c/w 15-30374

FACTUAL AND PROCEDURAL BACKGROUND

Wallace sued his former employer, Magnolia Family Services, bringing several claims. Magnolia filed a motion to dismiss for failure to state a claim. The parties consented to proceed before a magistrate judge. The magistrate judge denied Magnolia's motion to dismiss a Title VII disparate impact race discrimination claim under 42 U.S.C. § 2000e-2, but dismissed with prejudice an Americans with Disabilities Act claim under 42 U.S.C. § 12112. Finally, a claim under Louisiana Civil Code Article 2315 was conditionally dismissed – Wallace had one month to amend his complaint before it would be dismissed.

Wallace did not timely amend his complaint to state a claim under Article 2315. Accordingly, on January 7, 2014, the magistrate judge entered an order dismissing the Article 2315 claim with prejudice for Wallace's failure to comply with the court's order. About six months later, Wallace filed a deficient motion to reinstate his Article 2315 claim. A few weeks later, he moved to withdraw that motion. The court granted the motion to withdraw. Then, about two months after the pleading deadline had passed, Wallace again moved for leave of court to reinstate his Article 2315 claim. On October 3, 2014, the court denied his motion because Wallace had missed the pleading deadline and had shown no good cause under Federal Rule of Civil Procedure 16. Wallace filed a notice of appeal regarding this specific order on October 15, 2014.

On December 29, 2014, the magistrate judge granted Magnolia's motion for summary judgment on the Title VII disparate impact claim. Wallace's motion for reconsideration was denied. On January 23, 2015, Wallace moved for relief from judgment under Rule 60. That motion was denied on March 24. Wallace then filed two notices of appeal on April 20. In the first, he appealed the court's order on summary judgment and the corresponding judgment. In the second, he appealed the court's denial of his Rule 60 motion.

2

No. 14-31185 c/w 15-30374

DISCUSSION

We first analyze which orders are properly before us. We have jurisdiction only over appeals from final decisions under 28 U.S.C. § 1291, decisions deemed final pursuant to Federal Rule of Civil Procedure 54(b), and interlocutory decisions under 28 U.S.C. § 1292. *See Askanase v. LivingWell, Inc.*, 981 F.2d 807, 809–10 (5th Cir. 1993).

Wallace's appeal of the order denying his motion to reinstate his Article 2315 claim was not an appeal from a final order because that order did not end "litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Id.* at 810. It was also not an interlocutory order under Section 1292 or properly certified under Rule 54(b). Accordingly, we did not have jurisdiction to review that order at the time it was appealed.

Nonetheless, "[a]n appeal from a final judgment sufficiently preserves all *prior orders* intertwined with the final judgment even when those prior orders are not specifically delineated in the notice of appeal." *Armour v. Knowles*, 512 F.3d 147, 156 (5th Cir. 2007) (quotation marks omitted). Wallace timely appealed the final judgment in this case because, first, his Rule 60 motion was filed within 28 days after the summary judgment, and second, his notice of appeal was filed within 30 days of the denial of the Rule 60 motion. *See* FED. R. APP. P. 4(a)(1)(A), (a)(4)(A)(vi). The whole case is before us.

Because we have jurisdiction over the entire appeal, we now turn to whether the magistrate judge erred in denying Wallace's motion for leave to reinstate his Article 2315 claim. Wallace's motion was essentially a motion to amend, the denial of which we review for abuse of discretion. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 347 (5th Cir. 2008). Wallace filed this motion over two months after the pleading deadline had passed. He showed no good cause for this delay. He complains about the scheduling order that established this pleading deadline, which was entered after the transfer of the

3

case from one magistrate judge to another. That complaint is futile because the magistrate judge "has broad discretion in controlling [his] own docket. This includes the ambit of scheduling orders . . . ." *Edwards v. Cass Cnty.*, 919 F.2d 273, 275 (5th Cir. 1990). Wallace had an opportunity to amend his complaint before it was dismissed. Additionally, before the pleading deadline, Wallace had moved to reinstate his Article 2315 claim but chose to withdraw that deficient motion rather than correct it. The magistrate judge did not abuse his discretion when the motion presented late "easily could have been presented at an earlier date." *Id.* at 275–76.

Wallace also complains that summary judgment should not have been granted on his Title VII disparate impact claim. We review a summary judgment order *de novo. Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir. 2000). Wallace has properly raised on appeal only the court's determination that his failure to provide statistical evidence was fatal to his claim. Statistical evidence is ordinarily required in disparate impact cases. *See id.* at 300. Wallace did not show a prima facie case of disparate impact, and thus, summary judgment was proper.

Wallace also appeals the magistrate judge's denial of his motion requesting relief under Federal Rule of Civil Procedure 60(b). We liberally construe pro se appellants' briefs. *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Although Wallace's brief could be clearer, he addresses the substantive holdings in the magistrate judge's order denying his Rule 60 motion.

We review the denial of a Rule 60 motion under a deferential abuse of discretion standard. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). We overturn a district court's denial of relief under Rule 60 if the decision was based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*

No. 14-31185 c/w 15-30374

Wallace first claimed that the court made a factual mistake under Rule 60(b)(1) in requiring him to provide statistical evidence to support his Title VII disparate impact claim. Wallace relied on *Garcia v. Woman's Hospital of Texas*, 97 F.3d 810 (5th Cir. 1996). In that case, we suggested statistical evidence would not be required to show a prima facie case of disparate impact if the plaintiff made an alternative evidentiary showing that a policy would disparately impact all members of a protected group. *See id.* at 813. In rejecting Wallace's argument, the court reasoned Wallace could not make the alternative evidentiary showing suggested in *Garcia.* The court did not abuse its discretion because the court properly interpreted and applied *Garcia.*

Wallace next argued that, under Rule 60(b)(3) and (b)(4), he was entitled to relief from the judgment because his attorney signed the consent form to proceed before a magistrate on his behalf. The court rejected this ground because his attorney's consent on his behalf was effective. Further, Wallace's behavior demonstrated implied consent. We have recognized consent from a party's attorney of record as effective. *See United States v. Muhammad*, 165 F.3d 327, 331 (5th Cir. 1999). Consent can also be implied by a party's conduct. *See Roell v. Withrow*, 538 U.S. 580, 590 (2003). Wallace filed substantive motions before the magistrate judge and never objected to proceeding before the magistrate judge until about a year into this lawsuit. The court did not abuse its discretion in denying this ground for relief.

Regarding Wallace's miscellaneous claims for relief under Rule 60(b)(6), the magistrate judge held that some of these claims were raised in his arguments under Rule 60(b)(3) and (b)(4), and so could not be raised again under Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002). Wallace's allegations regarding the magistrate judge's disposal of Wallace's recusal motions were unsupported by any evidence or legal authority. The

5

No. 14-31185 c/w 15-30374

district court did not abuse its discretion in denying Wallace's claims for relief under Rule 60(b)(6).

Finally, we reject Wallace's arguments on appeal about the performance of his previous attorneys. *See Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986).

AFFIRMED.