# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20663
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2020

Lyle W. Cayce
Clerk

HAMID IHSAN,

    Plaintiff - Appellant

v.

WEATHERFORD US, L.P.,

    Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2546

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Appellant Hamid Ihsan sued his former employer, Weatherford U.S., L.P. (Weatherford), for alleged violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*; and the Texas Commission on Human Rights Act, TEX. LABOR CODE §§ 21.051(1), 21.055. On May 21, 2019, the district court awarded

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20663

summary judgment to Weatherford, entered final judgment, and dismissed the case with prejudice.

Then, on June 20, Ihsan filed a "motion for reconsideration," which the district court properly construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Gates v. Strain*, 885 F.3d 874, 884 (5th Cir. 2018) (motion for reconsideration filed more than 28 days after entry of judgment construed as a Rule 60(b) motion). On August 20, the motion was denied, and, on September 16, Ihsan filed a notice of appeal. The notice purported to appeal from the district court's "order denying [Ihsan's] Motion to Compel Discovery, . . . [its] Final Summary Judgment, . . . and [its] denial of [Ihsan's] Motion for Reconsideration."

However, by September 16, it was too late to appeal the district court's final judgment or any prior order. Fed. R. App. P. 4(a)(1)(A) ("In a civil case, . . . [a] notice of appeal . . . must be filed with the district court clerk within 30 days after entry of the judgment or order appealed from."). Indeed, we lack jurisdiction to consider any challenge to the denial of Ihsan's motion to compel discovery or to the final judgment that dismissed Ihsan's suit. *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 571 U.S. 177, 183 (2014). A Rule 60(b) motion can toll the deadline for filing a notice of appeal, but only if "the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). Here, Ihsan's Rule 60(b) motion was filed 30 days after the district court entered final judgment. *See* Fed. R. App. P. 26(a)(1). As such, the motion did not toll his deadline. To appeal from the district court's final judgment, or from any prior order, Ihsan was required to notice his appeal by June 20. *See Wallace v. Magnolia Family Servs., L.L.C.*, 637 F. App'x 786, 788–89 (5th Cir. 2015). He did not.

No. 19-20663

That narrows the scope of our review to the district court's denial of Ihsan's Rule 60(b) motion. However, we find that Ihsan has failed adequately to challenge the denial of that motion in his initial brief on appeal. *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 609–10 (5th Cir. 2011) (appellant abandons issues by failing to raise and argue them in initial brief on appeal); *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (failure to cite authority in support of argument constitutes waiver of the same). Ihsan's initial brief does not cite Rule 60(b), nor, with one exception, does it analyze any of the issues that his Rule 60(b) motion raised. Ihsan's brief does renew an argument—first raised in the Rule 60(b) motion—concerning certain costs taxed under Federal Rule of Civil Procedure 54(d). But Ihsan does not cite to any authority or evidence in support of that argument. Ihsan thus abandons the taxed-cost issue just as if he had failed to mention it at all. *See L & A Contracting Co.*, 17 F.3d at 113.

To sum up, we DISMISS Ihsan's appeal in part. Ihsan did not timely file a notice of appeal from the district court's final judgment or any prior order, and, therefore, we are without jurisdiction to entertain such an appeal. We also AFFIRM in part. In the light of his inadequate briefing, Ihsan has waived any challenge to the district court's denial of his motion for relief from judgment under Rule 60(b), and that denial is accordingly affirmed.