**John J. HELTON, Plaintiff-Appellee,**

v.

**William P. CLEMENTS, Jr., Governor of Texas, et al., Defendants-Appellants.**

No. 85–1568.

United States Court of Appeals, Fifth Circuit.

April 23, 1986.

Frank W. Stenger, Asst. Atty. Gen., Austin, Tex., for Clements, et al.

John J. Helton, pro se.

Before REAVLEY, RANDALL and W. EUGENE DAVIS, Circuit Judges.

PER CURIAM:

A number of state officials appeal a district court's refusal to rule before trial on motions asserting official immunity. We reverse and remand to the district court for that court's consideration and ruling on the motions.

BACKGROUND

Plaintiff-appellee John Helton brought suit against the state officials alleging generally that they conspired to deprive him of his constitutional rights. The district court, pursuant to the direction of this court in *Elliot v. Perez*, 751 F.2d 1472 (5th Cir.1985), ordered Helton to "amend his original complaint to state with particularity the alleged illegal actions in which each defendant participated, the specific acts that he claims constitute a conspiracy and

which defendants were involved ... and the facts which show that official immunity does not shield certain defendants." Helton amended his complaint, and the defendants moved to dismiss asserting the defenses of absolute and qualified immunity. The district court, by order dated August 1, 1985, granted summary judgment in favor of Tom Nivens, a private citizen, alleged to have participated in the conspiracy. The district court further ordered:

> [A]ll parties and attorneys are here notified that any further motions in this case will not be ruled upon by the court prior to trial but will be carried along with the trial of the case on the merits. This ruling applies to any pending motions....

The defendants now appeal the action of the trial court in declining to rule on their motion to dismiss.

## DISCUSSION

The threshold issue we must address is whether an order which declines or refuses to rule on a motion to dismiss based on the defense of governmental immunity is an immediately appealable order. We hold that it is.

The analysis of whether a refusal to rule on a claim of immunity until trial is appealable was stated in *Mitchell v. Forsyth*, 472 U.S. ——, ——, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). In *Mitchell*, the Court stated that a denial of a substantial claim of absolute immunity is an order appealable before final judgment and held that a denial of claim of qualified immunity, to the extent that it turns on an issue of law, is also an appealable final decision. The Court considered three factors in its determination that the denial of a claim of qualified immunity is immediately appealable, and analysis of the trial court's action in this case in light of those three factors reveals that a refusal to rule on a claim of immunity, like the explicit denial of a claim of immunity, is also immediately appealable under the collateral order doctrine.

First, like an explicit denial of a claim of absolute or qualified immunity, the refusal to rule on a claim of immunity until trial is "effectively unreviewable on appeal from a final judgment." *Mitchell*, 472 U.S. at ——, 105 S.Ct. at 2816. In both cases a defendant's entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters is effectively lost if the case erroneously goes to trial. *Id.* at ——, 105 S.Ct. at 2816. Second, like the denial of a claim of immunity, the refusal to rule on such claims "conclusively determines the defendant's claim of right not to *stand trial* ... because '[t]here are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred.'" *Id.* at ——, 105 S.Ct. at 2816 (quoting *Abney v. United States*, 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977)) (emphasis in original). Third, apart from whether a district court denies or refuses to rule on the claim of immunity, the claim of immunity in both cases "is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated." *Id.* at ——, 105 S.Ct. at 2816. It is clear to us, therefore, that an order which declines or refuses to rule on motion to dismiss on the basis of a claim of immunity "is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Id.* at ——, 105 S.Ct. at 2817.

Although we hold that the district court's order in this case is appealable, we decline to rule on whether the defendants are entitled to the immunity they claim. We reverse the district court's order of August 1, 1985 only insofar as it declined to rule on the defendants' motions to dismiss based on official immunity, and we remand the case for a consideration of those motions.

**REVERSED AND REMANDED.**