Ernest EDWARDS and Sarah Edwards,
Plaintiffs–Appellees,

v.

CASS COUNTY, TEXAS, Defendant,

Paul Boone and Gary Pixley,
Defendants–Appellants.

No. 90–4511
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 30, 1990.

William S. Helfand, Hirsch, Glover, Robinson & Sheiness, Houston, Tex., for defendants-appellants.

Edward L. Merritt, William King Gleason, Harbour, Smith, Harris & Cammack, Longview, Tex., for plaintiffs-appellees.

Before GEE, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Defendants Paul Boone and Gary Pixley seek to appeal an adverse ruling following their assertion of qualified immunity. Plaintiffs Ernest and Sarah Edwards have moved to dismiss the appeal for want of appellate jurisdiction. Concluding that we in fact are without jurisdiction, we grant the motion, dismiss the appeal, and deny sanctions.

## I.

The Edwardses' son, Carl Edwards, committed suicide while under arrest in the Cass County, Texas, jail. His parents brought the instant suit on September 7, 1989, pursuant to 42 U.S.C. § 1983, with a pendent wrongful death claim under the Texas Tort Claims Act, asserting that the defendants knew of the decedent's suicidal tendencies but were consciously indifferent to his circumstance.

The defendants filed a motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6); the brief in support of that motion asserted that the two individual defendants were entitled to qualified immunity. The district court denied that motion on December 19, 1989, and the defendants sought no interlocutory appeal from the denial.

On November 15, 1989, the court had issued a scheduling order setting a discovery deadline of April 20, 1990, for all discovery and March 5, 1990, for the filing of all pre-trial motions, including motions for summary judgment. The defendants obtained an extension of the discovery deadline to May 20, 1990, but neither requested nor obtained an extension of the deadline for filing motions.

Jury selection was scheduled for June 5, 1990. On June 4, defendants filed a motion for leave to file an out-of-time motion for summary judgment asserting qualified immunity. They contended that the motion would be based in part upon information gleaned from the depositions of plaintiffs and their expert and fact witnesses, which depositions had been obtained during the extended discovery period.

The court denied the motion on June 7, 1990, thus preventing defendants from filing their summary judgment motion. The court noted that the motion for leave had been filed three months after the deadline for motions. The defendants made no effort to appeal the order of denial.

On June 14 (during the week following jury selection but before trial), defendants filed a motion asking the court to reconsider its denial of the motion for leave to file. The court denied the motion for reconsideration on June 25.

Trial had been scheduled for July 9. On July 2, the individual defendants (Boone and Pixley) filed a "Notice of Interlocutory Appeal" in which they attempted to appeal "the District Court's refusal to permit the filing of and ruling on Defendants' Motion for Summary Judgment on the issue of qualified immunity."

## II.

 The defendants assert that they are entitled to an interlocutory appeal under *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We disagree.

In *Mitchell*, the Court held "that a district court's denial of a claim of qualified immunity ... is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." 472 U.S. at 530, 105 S.Ct. at 2817. In reaching that conclusion, the Court announced three factors that must be present for an order that would not normally be considered "final" under section 1291 to be appealable: (1) The district court's decision "is effectively unreviewable on appeal from a final judgment"; (2) "it must 'conclusively determine' the disputed question"; and (3) "that question must involve a 'clai[m] of right separable from, and collateral to, rights asserted in the action.'" *Id.* at 527, 105 S.Ct. at 2816 (citations omitted, brackets in original).

*Mitchell v. Forsyth* involved an appeal from the district court's square denial of the individual defendant's motion for summary judgment premised upon a claim of qualified immunity. Subsequently, this court in *Helton v. Clements*, 787 F.2d 1016 (5th Cir.1986) (per curiam), considered whether it had jurisdiction to review a district court's refusal to rule on the question of qualified immunity.

Specifically, in *Helton* the defendant filed an initial motion to dismiss, asserting absolute and qualified immunity. In response, the court announced, by order, that it would not make further rulings on any motions prior to trial but would carry any pending motions along with trial on the merits.

We considered the three *Mitchell* factors and held that "a refusal to rule on a claim of immunity, like the explicit denial of a claim of immunity, is also immediately appealable under the collateral order doctrine." *Id.* at 1017. We analyzed the factors as follows:

> First, like an explicit denial of a claim of absolute or qualified immunity, the refusal to rule on a claim of immunity until trial is 'effectively unreviewable on appeal from a final judgment.' *Mitchell*, 472 U.S. at [527, 105 S.Ct. at 2816].... In both cases a defendant's entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters is effectively lost if the case erroneously goes to trial. *Id.* ... Second, like the denial of a claim of immunity, the refusal to rule on such claims 'conclusively determines the defendant's claim of right not to *stand trial* ... because "[t]here are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred."' *Id.* (quoting *Abney v. United States*, 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977)) (emphasis in original). Third, apart from whether a district court denies or refuses to rule on the claim of immunity, the claim of immunity in both cases 'is conceptually distinct from the merits of the plaintiff's claim that his

rights have been violated.' *Id.* at [527–28, 105 S.Ct. at 2816–17].

*Helton, id.*

In the case *sub judice*, unlike in *Helton*, there has been no "explicit denial of a claim of absolute or qualified immunity," *id.*, from which defendants seek to appeal. To be sure, the district court previously had denied defendants' motion to dismiss based upon qualified immunity, but the defendants, for whatever reason, elected not to appeal that order pursuant to *Mitchell v. Forsyth*.

No summary judgment motion was pending here; thus, we have neither a denial of such a motion and hence a direct rejection of qualified immunity (as in *Mitchell*) nor the refusal to rule on such a motion (as in *Helton*). The defendants forewent their right to file such a motion by allowing the motions deadline to expire without either filing a motion for summary judgment or requesting extension of the deadline. Hence, we perceive no grant of appellate jurisdiction under the narrow exceptions to finality carved out by *Mitchell* and *Helton*.

The defendants argue, predictably, that the court's action in refusing them leave to file an eleventh-hour motion for summary judgment is tantamount to a denial of the right recognized in *Mitchell*—the "right not to *stand trial* on the plaintiff's allegations." *Mitchell*, 472 U.S. at 527, 105 S.Ct. at 2816 (emphasis in original). But the rationale of *Mitchell* makes sense only where the district court has acted to deny qualified immunity or has the obligation to decide the issue and has failed or refused to do so.

The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like. Thus, a court's refusal to allow the filing of a substantive motion on the eve of trial three months after the expiration of a deadline (especially where no extension has been sought) should normally be deemed well within the court's discretion. In other words, a district court seldom would be obliged to interrupt the orderly proceedings of its docket to rule on so critical an issue where the same easily

could have been presented at an earlier date.

Here, however, the defendants aver that the court's refusal to do so was unreasonable. Specifically, they assert that before filing a summary judgment motion in good faith, they needed the information gleaned from the depositions, and hence they could not file their motion until those depositions had been taken and transcribed. Thus, they contend that the court should have permitted the out-of-time filing and that its refusal to do so must be appealable under *Mitchell* if the central right recognized in *Mitchell*—the right not to stand trial—is to be enjoyed.

■ The short answer to this argument is that in the rare circumstance in which a district court has abused its discretion in disallowing a summary judgment on the eve of trial, other remedies are available. Specifically, the defendant can request a discretionary interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or, more expeditiously, can file a petition for writ of mandamus. These are rights of review that are cumulative of, and pre-existed, the special appellate jurisdiction recognized in *Mitchell.*

To hold otherwise would be to open the floodgates to appeals by defendants seeking delay by asserting qualified immunity at the last minute (or even, as here, following jury selection). In this case, for example, the plaintiffs *allege* (though we do not address it) that defendants have delayed the proceedings and have filed this appeal in a desperate attempt to obtain delay.[1]

If every denial of a motion for leave to file a summary judgment motion asserting qualified immunity were immediately ap-pealable, defendants would have a guaranteed means of obtaining last-minute continuances. We read *Mitchell v. Forsyth* as affording defendants a reasonable opportunity to obtain review of their qualified immunity claims without losing part of their immunity rights by having to stand trial. However, *Mitchell* is not designed as an automatic exemption from the orderly processes of docket control. Thus, we conclude that we have no jurisdiction under the facts and circumstances presented by the instant appeal.

### III.

■ As we have stated, the defendants could have obtained review of the district court's refusal to allow the filing of their summary judgment motion by filing a petition for writ of mandamus. Under the circumstances presented in this case, we conclude, however, that the district court was well within its discretion in denying leave to file. Thus, mandamus would not lie. Accordingly, treating the notice of appeal as a petition for writ of mandamus, the same is denied.

### IV.

■ The plaintiff seek sanctions against defendants, pursuant to Fed.R.App. 38, for a frivolous appeal. There is, in fact, some indication that the defendants and their attorneys took this appeal, at least in part, for purposes of delay. However, the defendants' assertion of jurisdiction is based upon a colorable reading of *Helton v. Clements.* We therefore do not deem it frivolous; sanctions are denied.[2]

1. In their motion to dismiss the appeal, the plaintiffs assert the following:

 [T]his frivolous, groundless and bad faith appeal was brought for one purpose and one purpose only—to stall. Appellants had two of four fact witnesses struck, one of two experts struck and filed this appeal only to delay the trial.

 . . . . .

 It should also ... be noted that the late filing of the motion for summary judgment was characteristic. The Appellants also failed to timely file an answer, failed to designate experts on time, failed to disclose witnesses

 with knowledge of relevant facts in discovery which they listed as witnesses in their pre-trial order (which were struck by the Court prior to trial), failed to timely provide an expert's report (which resulted in the Court striking their expert prior to trial), and had attempted to supplement their answers to interrogatories as late as June 29, 1990—over three weeks after the jury was selected.

2. In light of today's holding, however, prospective appeals in other similar cases could be deemed frivolous, depending upon the circumstances. We note, as well, that we speak only to the question of *appellate* sanctions. We express

## V.

■ The concept of qualified immunity has two elements: the substantive immunity itself and freedom from standing trial where that substantive immunity has been found to exist. Having failed to take the appropriate measures to test the legal issue of immunity prior to trial, these defendants must stand trial, unless on remand the district court should elect to consider their motion for summary judgment and should determine that qualified immunity is present.

Out of an abundance of caution, however, we note that the defendants still may assert qualified immunity at trial. *See Melear v. Spears*, 862 F.2d 1177, 1184 (5th Cir.1989). We express no view as to whether defendants in fact are entitled to such immunity.

## VI.

In summary, we are without jurisdiction. The motion to dismiss the appeal is GRANTED; the appeal is DISMISSED. Treating the notice of appeal as a petition for writ of mandamus, the petition is DENIED. The request for sanctions is DENIED. This matter is REMANDED for trial at the earliest setting that the district court's calendar reasonably will permit. In order that this matter may be further expedited, we direct that the mandate shall issue forthwith. So ordered.

---

no view as to whether, on remand, sanctions are appropriate for the defendants' actions heretofore taken in the *district* court. Such a determination should be made, if at all, by that court in the first instance.