UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30793
Summary Calendar
_____

LACAL WILSON,

Plaintiff-Appellee,

versus

LOREN McELVEN, PAROLE OFFICER; LOUISIANA
PAROLE BOARD MEMBERS,

Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of Louisiana
UDC No. 95-CV-1749

March 26, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Parole Officer Loren McElven and members of the Louisiana Parole Board have filed an interlocutory appeal of the magistrate judge's denial of their motion to dismiss based on qualified and absolute immunity. They contend that the magistrate judge's denial of their motion as duplicative of other pending motions in the action, and the magistrate judge's refusal to rule on their immunity defenses prior to trial, constitute an effective denial of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

their immunity defenses and are forcing them to prepare for trial without the benefit of those defenses.

Of course, we must examine the basis of our jurisdiction on our own motion if necessary. *See, e.g.* **Mosley v. Cozby**, 813 F.2d 659, 660 (5th Cir. 1987). "A district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." **Mitchell v. Forsyth**, 472 U.S. 511, 530 (1985). Along this line, the refusal to rule until trial on a qualified immunity claim is also an appealable final decision. *See* **Helton v. Clements**, 787 F.2d 1016, 1017 (5th Cir. 1986).

The magistrate judge did not refuse to rule on the qualified and absolute immunity claims, but instead, delayed ruling on the pending motions until the defendants had supplemented the record with additional documents. In fact, the magistrate judge stated that he anticipated ruling on the motions prior to trial, including the defendants' defenses of absolute and qualified immunity, and that those defenses were preserved. The magistrate judge has already granted absolute immunity to Loren McElven and the Parole Board members in their official capacitates.

The magistrate judge has also expressly limited the trial, for which there is a setting, to the issue of Wilson's claim that McElven threatened to have Wilson killed and acted upon those

threats by arranging to have an inmate fight Wilson. The magistrate judge denied McElven qualified immunity on this claim due to a genuine issue of material fact. In this interlocutory appeal, the defendants do not expressly challenge this denial of qualified immunity. Although they contend that Wilson did not state a viable constitutional injury regarding McElven's mere threats against Wilson, the defendants do not challenge the magistrate judge's determination that there existed a material fact issue as to whether McElven arranged to have an inmate assault Wilson upon his return to prison. The magistrate judge did not set for trial any of Wilson's claims against the Parole Board members or Wilson's claims against McElven of detainer and arrest.

The magistrate judge has not refused or failed to timely address the defendants' absolute and qualified immunity claims. Accordingly, the appeal of the denial of the motion to dismiss as duplicative is not an appealable final decision over which we have jurisdiction. *See Edwards v. Cass County, Tex.*, 919 F.2d 273, 275 (5th Cir. 1990). Consequently, the appeal is **DISMISSED** for lack of jurisdiction.

Wilson's motions for appointment of counsel and to supplement his brief on appeal are **DENIED**.

*APPEAL DISMISSED; MOTIONS DENIED*

- 3 -