**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-31368**
_____


**TRESA BYRD,**

**Plaintiff-Appellee,**

**versus**

**ST. HELENA PARISH POLICE JURY,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Middle District of Louisiana
Civil Docket #01-CV-632-A

_____

November 6, 2002


Before JONES, SMITH and SILER,[*] Circuit Judges.

PER CURIAM:[*]

The St. Helena Parish Police Jury seeks an interlocutory appeal to challenge the district court's refusal to dismiss Byrd's Title VII claim on grounds of "absolute legislative immunity." Byrd entered no opposition to the motion to dismiss in the trial

---

[*]Circuit Judge of the 6TH Circuit, sitting by designation.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court, but she filed a responsive brief on appeal. Ordinarily, we would hold that appellee has waived her rebuttal by not having raised her opposition points in the trial court. See Lifemark Hosps., Inc. v. Liljeberg Enters., Inc., 304 F.3d 410, 428 n.29 (5ᵗʰ Cir. 2002).

Appellant has, however, committed an equal and opposite mistake in attempting to bootstrap itself into obtaining interlocutory relief. The contention that it has legislative immunity over a case clearly pled as a Title VII employment discrimination action is meritless. Legislative immunity does not extend to an employer's individual hiring and demotion decisions, because such pa7rticularized personnel actions do not partake of policy-making, as legislation generally requires. Cf. Bogan v. Scott-Harris, 523 U.S. 44, 54-56, 118 S. Ct. 966, 972-73, 140 L. Ed. 2d 79, 88-89 (1998) (affording legislative immunity to defendants for passing an ordinance that "bore all the hallmarks of traditional legislation [and] . . . reflected a discretionary, policymaking decision"). Put otherwise, the purposes behind the official immunity doctrine are not served in cases involving individual employment decisions. The Parish may well advance substantial defenses against Byrd's claim, some of which it has briefed here, but this court will not rule on them as they bear no relation to any known variety of official immunity.

Although the district court did not rule on the question of legislative immunity, the refusal to rule on a claim of

immunity, like the denial of a claim of immunity, is immediately appealable under the collateral order doctrine. Helton v. Clements, 787 F.2d 1016 (5th Cir. 1986). Exercising jurisdiction over the immunity question, we reject the Police Jury's claim of immunity, affirm the district court's implicit denial of immunity, and remand for further proceedings.

**AFFIRMED** and **REMANDED**.