IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00006-CV

 

Tim Johnson and Ed White,

                                                                      Appellants

 v.

 

Charles Tims, Jerry McLemore, 

and Bobby E. Parker, Jr.,

                                                                      Appellees

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 69178

 



DISSENTING Opinion










 

          The trial court properly dismissed the
claims of Johnson and White for failure to exhaust administrative remedies. 
The majority errs in reversing and remanding this case to the trial court for
abatement so that Johnson and White may first exhaust their administrative
remedies.  While the majority correctly determines that an administrative
remedy is available and that is has not been exhausted, they fail to explain
how, at this late date, Johnson and White can remove this impediment to
jurisdiction.  Under the administrative remedy available to Johnson and White,
they had 15 days after the event or action to file a Level I complaint.  They
missed the deadline in which to invoke the otherwise available administrative
remedy.

          Even under the authority cited by the
majority for the proposition that a case can be abated for the opportunity to
cure a jurisdictional problem, these cases do not stand for the proposition
that if the impediment to jurisdiction cannot possibly be removed, there is any
reason for the trial court, or this Court, to allow the parties to abate the
trial until they have been told by the administrative agency that they failed
to exhaust their remedies in a timely fashion.  Accordingly, I would affirm the
trial court’s decision.  Because the majority does not, I dissent.[1]

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed June 29, 2005









[1]
The possibility of an abatement was raised
by Johnson and White in a reply brief.  As such, it is not properly before us
as an issue on appeal.  I question whether it was properly preserved for our
review by having never been presented to the trial court because I have found
nothing to so indicate in the record.  Further, I question whether it was
properly raised in this Court.  See 10th
Tex. App. (Waco) Loc. R. 13(e).








, 802 S.W.2d 822, 827 (Tex. App.—Austin 1990, no writ).

For
these reasons, we dismiss this interlocutory appeal for want of jurisdiction.[3] 
In addition, although requested by Taylor, we decline to assess sanctions
against Brazos Valley MHMR for bringing a frivolous appeal.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Appeal
dismissed

Opinion
delivered and filed May 13, 2009

[CV06]

 

 









[1]
              The order provides: 
(1) Brazos Valley MHMR’s “Plea to the Jurisdiction and Conditional Motion for
Severance is continued until such time as Plaintiff has had an opportunity to
conduct discovery with regards to the issue of whether [Brazos Valley MHMR] had
notice of a claim being made against them by Plaintiff,” (2) “Plaintiff may
depose the insurance adjuster(s) and/or defendant company representative(s)
involved in investigating and handling this claim,” (3) a copy of the entire
claims file must be delivered to the court for an in camera inspection to
determine what documentation in the file might be privileged, and (4) the court
will provide Plaintiff with a copy of the entire claims file, excluding any
privileged documents, in order for Plaintiff to discover any evidence with
regard to whether Brazos Valley MHMR had notice of a claim being presented to
it and for Plaintiff to determine the identity of the proper individual(s) to
depose as to the issue of notice.





 

[2]
          Brazos Valley
MHMR cites the Fifth Circuit’s opinion in Helton v. Clements, 787 F.2d
1016 (5th Cir. 1986), to support its argument that a trial court’s refusal to
rule on a plea constitutes a denial of the plea and is thus appealable.  In Helton,
the defendants filed a motion to dismiss, asserting the defenses of absolute
and qualified immunity.  Subsequently, the district court ordered:  “[A]ll
parties and attorneys are here notified that any further motions in this case
will not be ruled upon by the court prior to trial but will be carried along
with the trial of the case on the merits.  The ruling applies to any pending
motions. . . .”  The defendants appealed, challenging the trial court’s refusal
to rule on their motion to dismiss until trial.  In addressing the order’s
appealability, the Fifth Circuit held that an order that declines or refuses to
rule on a motion to dismiss on the basis of a claim of immunity “is an appealable
‘final decision’ within the meaning of 28 U.S.C. § 1291 notwithstanding the
absence of a final judgment.”  Id. at 1017.  The order in this
case is distinguishable, however.  In this case, the trial court did not refuse
to rule on Brazos Valley MHMR’s plea until trial; rather, it only continued the
plea to allow Taylor discovery on the specific issue of jurisdiction. 
Respectfully, federal authority is also not controlling or persuasive in this
cause.





 

[3]               Brazos Valley MHMR
requests in the alternative that we construe its brief as a petition for writ
of mandamus, but no authority on point supports this request.