# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50190
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2017

Lyle W. Cayce
Clerk

LOUIS V. DOSS,

      Plaintiff - Appellant

v.

TEXAS ALCOHOLIC BEVERAGE COMMISSION AGENT SCOTT
HELPENSTELL,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-116

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

    Louis Doss ("Doss") filed a complaint against Scott Helpenstell ("Helpenstell"), an agent of the Texas Alcoholic Beverage Commission, alleging unlawful arrest and excessive force during Helpenstell's arrest of Doss for disorderly conduct and resisting arrest with a deadly weapon. The district court granted Helpenstell's motion for summary judgment on the basis of

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50190

qualified immunity with respect to the unlawful arrest claim, and denied summary judgment with respect to the excessive force claim. *Doss v. Helpenstell*, No. 5:11-CV-00116, 2014 WL 4809563 (W.D. Tex., Sept. 26, 2014), at \*12. A jury later found for Defendant Helpenstell on the remaining excessive force claim. Now proceeding pro se, Doss appeals the district court's earlier grant of summary judgment on his unlawful arrest claim. Having reviewed the briefs and the record, we affirm the judgment granting qualified immunity on Doss's claim of unlawful arrest, essentially for the reasons stated in the district court's thorough and well-written opinion.[1]

Doss's primary argument on appeal is that the district court should have taken his version of the events as true when determining whether Helpenstell's actions were reasonable. But the district court did just that. In determining that Helpenstell was entitled to qualified immunity, the district court not only construed the evidence in Doss's favor, but also assumed all facts as Doss alleged. *Doss*, 2014 WL 4809563, at \*10. Because the district court's analysis is thorough, and because Doss does not object to the court's analysis, we need not repeat it here.

Specifically, Doss takes issue with the district court's observation that Doss could not have personal knowledge of what Helpenstell subjectively knew at the time Helpenstell arrested Doss, and thus Doss's affidavit was not competent summary judgment evidence under Federal Rule of Civil Procedure 56. *See Doss*, 2014 WL 4809563, at \*6 n.4, \*10 n.8, \*11 n.9. Doss asserts on appeal that Helpenstell "verbally admitted" and "confessed" to him that he knew Doss pointed a camera, not a weapon, at him from behind the fence. But this purported "confession" refers only to a post-incident description of the

---

[1] On appeal, Doss raises no argument against qualified immunity that has not already been considered and rejected by the district court.

2

events, which was made to another officer who had been called to the scene for backup. The district court's opinion addressing this purported confession is thorough and need not be repeated here. *See Doss*, 2014 WL 4809563, at *10 (pointing out that what Helpenstell told another officer after the incident is not proof of what Helpenstell could have believed before the incident).

Doss also asserts that the district court erred in offering Rule 56 and *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000), as justification for its ruling. But he offers no authority, argument, or even a hint as to why this might be. Pro se appellants must brief their arguments, even if minimally, in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Doss therefore waived any argument in this respect. In any case, after reviewing the record, we find no reason to conclude that relying on Rule 56 and *Goodson* was inappropriate.

Doss also states that the district court erred in ruling that Doss did not submit sufficient evidence to raise a genuine issue of material fact precluding summary judgment. But again, he offers no argument to support this statement and thus waived it. *See Yohey*, 985 F.2d at 225. In any case, the district court did not even mention the sufficiency of evidence; the district court simply viewed all facts as Doss alleged. *See Doss*, 2014 WL 4809563, at *10. Without citation to the record, Doss attempts to manufacture an issue of material fact by "redact[ing], construct[ing], and combin[ing] Doss's personal knowledge, Helpenstell's admissions, and Doss's version of events in a transcribed format," resulting in an imaginary confession by Helpenstell. Doss cites no authority permitting him to create a new version of the facts on appeal, especially a version that contradicts the record—including his own version of the facts before the district court—as well as facts presented in his appellate brief.

No. 17-50190

Finally, Doss argues that the district court should not have permitted Helpenstell to file a motion for summary judgment after the deadline to file dispositive motions had passed.  But he offers no authority or argument and thus waives this issue.  *Yohey*, 985 F.2d at 225.  And in any event, district courts have "broad discretion" in controlling their dockets, including scheduling orders.  *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275-76 (5th Cir. 1990).  A district court's decision to grant a request for an extension of time is reviewed only for an abuse of discretion.  *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (4th ed.).  Here, the district court issued a ten-page opinion granting Helpenstell's motion for leave to file his motion for summary judgment.  That opinion carefully and thoroughly explained the district court's decision to hear the potentially dispositive motion for summary judgment.  We find no abuse of discretion.

In sum, Doss's appeal is meritless and fails to assign any error to the district court.  For the foregoing reasons, the judgment is

AFFIRMED.