# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2026

Lyle W. Cayce
Clerk

_____

No. 25-40170

_____

Marin Lopez; Pedro Bermea; Trinidad Lopez; Arturo Menchaca; Eladio Bermudez; Javier Garcia; Robert Guerra; Luis Carlos Gonzalez; Epigmenio "TJ" Gonzalez; Juan Garcia, Jr.; Julio Eguia; Aaron Garcia,

*Plaintiffs—Appellees*,

*versus*

Eduardo Ramirez; Noe Castillo; Basilio D. Villareal, Jr.; Roel Gonzalez,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CV-33

_____

Before Willett, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

This is the third interlocutory appeal following the district court's denial of an immunity-based motion to dismiss in a First Amendment retaliation suit brought by twelve school-district employees against three

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

school-board members and a former interim superintendent. Twice before we have vacated the district court's orders and remanded because it denied Defendants' motions without analysis. This time, the district court referred the case to mediation and, in the same order, denied Defendants' motion without prejudice to refiling the same after mediation concluded. Because the district court's mediation order was not an appealable final decision for purposes of 28 U.S.C. § 1291, we DISMISS for lack of jurisdiction.

I

Twelve employees of the Rio Grande City Consolidated Independent School District allege that after they publicly supported a slate of candidates in a 2018 school-board election, they were demoted, reassigned, and subjected to pay cuts in retaliation for their speech. They brought First Amendment retaliation claims under 42 U.S.C. § 1983 against board members Eduardo Ramirez, Noe Castillo, and Basilio D. Villareal, Jr., and former interim superintendent Roel Gonzalez. Defendants moved to dismiss on multiple grounds including absolute legislative immunity and, alternatively, qualified immunity.

The district court denied Defendants' motion "without prejudice to refiling as a motion for summary judgment" in a minute-entry order with no analysis or reasons given. Defendants filed their first interlocutory appeal. We vacated and remanded "to allow the district court to reassess [Defendants]' motion on a plaintiff-by-plaintiff, defendant-by-defendant basis and assign reasons for its subsequent decision." *Lopez v. Ramirez*, No. 21-40235, 2022 WL 3230442, at *2 (5th Cir. Aug. 10, 2022) (per curiam) (unpublished) (*Lopez I*). On remand, the district court permitted Plaintiffs to file an amended complaint. Defendants again moved to dismiss on immunity grounds among others, and the district court again denied the motion in a similar minute-entry order without explanation. And we again vacated and

remanded, observing that "for the second time, the district court not only provided no individualized analysis as to each officer's entitlement to either legislative or qualified immunity, it provided no analysis period." *Lopez v. Ramirez*, No. 23-40461, 2024 WL 1168048, at \*2 (5th Cir. Mar. 15, 2024) (per curiam) (unpublished) (*Lopez II*).

On the second remand, Defendants refiled their motion to dismiss. The district court heard argument on the motion and noted that it "w[ould] issue [a] ruling." On March 31, 2025, the district court issued a mediation order that acknowledged "[c]urrently before the Court is a Motion to Dismiss of the Defendants," observed the suit's "extensive procedural history," and found "the parties would benefit from proceeding before a Magistrate in a mediation setting." The order referred the parties to a magistrate judge for mediation, and provided:

> Rule 16 Scheduling Order deadlines and pending setting are hereby cancelled. All pending motions are denied without prejudice to refiling same in writing within seven (7) days after Notice from Magistrate Judge Hacker to this Court that mediation has concluded if the mediation was unsuccessful and without any waiver of a substantive or procedural right of any party with regard to any motion which may be filed or refiled.

Defendants timely noticed this third interlocutory appeal.

## II

We begin, as always, with jurisdiction. *Backe v. LeBlanc*, 691 F.3d 645, 647 (5th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). Both parties contend that the collateral order doctrine supplies appellate jurisdiction here. But neither addressed whether that doctrine reaches an order that denied Defendants' immunity-based motion to dismiss only as an incident of a mediation referral and without prejudice to

3

refiling the same if mediation failed. We requested supplemental briefing on that point. Having reviewed the parties' responses, we hold that it does not.

Our jurisdiction is limited to appeals from "final decisions" of the district courts. 28 U.S.C. § 1291. The collateral order doctrine, however, permits immediate appellate review of a "small class" of interlocutory orders "that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)). The doctrine is narrow by design, and its conditions are "stringent." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994).

Orders denying dispositive pretrial motions asserting immunity from suit ordinarily satisfy that standard, and the same is true of orders that decline or refuse to rule on an immunity claim. *See Walton v. City of Verona*, 82 F.4th 314, 320 (5th Cir. 2023) (collecting cases); *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986). Such orders are effectively final for purposes of § 1291 because they conclusively determine the defendant's asserted right not to stand trial, meaning that she must endure the "burdens of broad-reaching discovery" and "costs of trial" immunity is meant to prevent. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816–18 (1982)). Once those burdens are imposed, the right is destroyed, and the loss cannot be remedied on appeal from final judgment. *Id.*; *see also Helton*, 787 F.2d at 1017.

These principles explain why we had jurisdiction to consider the first two interlocutory appeals in this case. In the first, the district court "denied" Defendants' immunity-based motion to dismiss "without prejudice to refile as a motion for summary judgment." *Lopez I*, 2022 WL 3230442, at *1. In the

second, the court "summarily denied Defendants' motion without prejudice in a minute-entry order." *Lopez II*, 2024 WL 1168048, at *1. Each conclusively rejected an immunity-based defense at the pleadings stage, addressed an issue distinct from the merits, and required Defendants continue litigating despite their asserted right not to, which could not be meaningfully reviewed after final judgment.

The mediation order before us is different. True, the court "denied" all pending motions, including Defendants' motion to dismiss. But it did so without prejudice as an incident of referring the case to mediation. The court made plain that the immunity question could be taken up after mediation concluded on a refiled motion to dismiss. At the same time, the court effectively suspended the litigation by canceling all scheduling-order deadlines and pending settings. This is not the order of a court that "intends to have nothing further to do . . . with the motion." *Ueckert v. Guerra*, 38 F.4th 446, 450 (5th Cir. 2022) (quoting *State Nat. Bank of El Paso v. United States*, 488 F.2d 890, 893 (5th Cir. 1974)). Nor is it a flat "refusal to rule on a claim of immunity until trial." *Helton*, 787 F.2d at 1017. Put plainly, the order did not conclusively deny Defendants' asserted immunity.

Our recent decision in *De Leon v. Munoz*, No. 24-40215, 2025 WL 957500 (5th Cir. Mar. 31, 2025) (per curiam) (unpublished), points the same way.[1] There, the district court denied a defendant's motion to dismiss on qualified immunity "without prejudice to his right to refile after mediation." *Id.* at *1 n.2, *4. The defendant later filed a second motion to dismiss, which the district court again denied. *Id.* at *4–*5. The defendant noticed his appeal within thirty days of the second order. *Id.* at *1 n.2. The plaintiff argued the

---

[1] Unpublished opinions issued on or after January 1, 1996, are not binding precedent, but they may be persuasive authority. *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.

No. 25-40170

first order triggered the notice deadline, rendering the appeal untimely. *Id.* We disagreed, holding that the court's "denial of [defendant]'s first motion to dismiss . . . without prejudice to his right to refile after mediation . . . was not a final, unequivocal refusal to render a pretrial determination of [defendant]'s qualified immunity defense," and thus "was not an appealable final decision for purposes of 28 U.S.C. § 1291." *Id.* (citing *Ueckert*, 38 F.4th at 453). The order here is materially indistinguishable and so too is the result: it is not an appealable final decision under § 1291.[2]

### III

We DISMISS the appeal for lack of appellate jurisdiction.

---

[2] We again note our concern that the district court has yet to provide the reasoned, individualized analysis necessary to resolve Defendants' immunity assertions. Immunity is an entitlement to avoid not just liability, but also the burdens of litigation. *Mitchell*, 472 U.S. at 526. Those issues should be addressed promptly and consistently with this court's earlier mandates on a refiled motion to dismiss, rather than further deferred without explanation.