# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2026

Lyle W. Cayce
Clerk

———————

No. 25-40170

———————

Marin Lopez; Pedro Bermea; Trinidad Lopez; Arturo Menchaca; Eladio Bermudez; Javier Garcia; Robert Guerra; Luis Carlos Gonzalez; Epigmenio "TJ" Gonzalez; Juan Garcia, Jr.; Julio Eguia; Aaron Garcia,

*Plaintiffs—Appellees*,

*versus*

Eduardo Ramirez; Noe Castillo; Basilio D. Villareal, Jr.; Roel Gonzalez,

*Defendants—Appellants*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CV-33

———————————————————

ON PETITION FOR PANEL REHEARING

Before Willett, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40170

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is GRANTED. *See* 5TH CIR. R. 35 I.O.P. Our prior panel opinion, *Lopez v. Ramirez*, No. 25-40170, 2026 WL 893104 (5th Cir. Apr. 1, 2026) (unpublished), is WITHDRAWN and the following opinion is SUBSTITUTED therefor:

This is the third interlocutory appeal following the district court's denial of an immunity-based motion to dismiss in a First Amendment retaliation suit brought by twelve school-district employees against three school-board members and a former interim superintendent. Twice before we have vacated the district court's orders and remanded because it denied Defendants' motions without analysis. This time, the district court referred the case to mediation and, in the same order, denied Defendants' motion without prejudice to refiling the same after mediation concluded. Because the district court's mediation order was not an appealable final decision for purposes of 28 U.S.C. § 1291, we DISMISS for lack of jurisdiction.

I

Twelve employees of the Rio Grande City Consolidated Independent School District allege that after they publicly supported a slate of candidates in a 2018 school-board election, they were demoted, reassigned, and subjected to pay cuts in retaliation for their speech. They brought First Amendment retaliation claims under 42 U.S.C. § 1983 against board members Eduardo Ramirez, Noe Castillo, and Basilio D. Villareal, Jr., and former interim superintendent Roel Gonzalez. Defendants moved to dismiss on multiple grounds including absolute legislative immunity and, alternatively, qualified immunity.

The district court denied Defendants' motion "without prejudice to refiling as a motion for summary judgment" in a minute-entry order with no analysis or reasons given. Defendants filed their first interlocutory appeal.

We vacated and remanded "to allow the district court to reassess [Defendants]' motion on a plaintiff-by-plaintiff, defendant-by-defendant basis and assign reasons for its subsequent decision." *Lopez v. Ramirez*, No. 21-40235, 2022 WL 3230442, at *2 (5th Cir. Aug. 10, 2022) (per curiam) (unpublished) (*Lopez I*). On remand, the district court permitted Plaintiffs to file an amended complaint. Defendants again moved to dismiss on immunity grounds among others, and the district court again denied the motion in a similar minute-entry order without explanation. And we again vacated and remanded, observing that "for the second time, the district court not only provided no individualized analysis as to each officer's entitlement to either legislative or qualified immunity, it provided no analysis period." *Lopez v. Ramirez*, No. 23-40461, 2024 WL 1168048, at *2 (5th Cir. Mar. 15, 2024) (per curiam) (unpublished) (*Lopez II*).

On the second remand, Defendants refiled their motion to dismiss. The district court heard argument on the motion and noted that it "w[ould] issue [a] ruling." On March 31, 2025, the district court issued a mediation order that acknowledged "[c]urrently before the Court is a Motion to Dismiss of the Defendants," observed the suit's "extensive procedural history," and found "the parties would benefit from proceeding before a Magistrate in a mediation setting." The order referred the parties to a magistrate judge for mediation, and provided:

> Rule 16 Scheduling Order deadlines and pending settings are hereby cancelled. All pending motions are denied without prejudice to refiling same in writing within seven (7) days after Notice from Magistrate Judge Hacker to this Court that mediation has concluded if the mediation was unsuccessful and without any waiver of a substantive or procedural right of any party with regard to any motion which may be filed or refiled.

3

Defendants timely noticed this third interlocutory appeal. In the interim, the parties "almost immediately" reported to the magistrate judge that mediation would be unproductive. The magistrate judge "agreed not to conduct the mediation."

## II

We begin, as always, with jurisdiction. *Backe v. LeBlanc*, 691 F.3d 645, 647 (5th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). Both parties contend that the collateral order doctrine supplies appellate jurisdiction here. But neither addressed whether that doctrine reaches an order that denied Defendants' immunity-based motion to dismiss only as an incident of a mediation referral and without prejudice to refiling the same if mediation failed. We requested supplemental briefing on that point. Having reviewed the parties' responses, we hold that it does not.

Our jurisdiction is limited to appeals from "final decisions" of the district courts. 28 U.S.C. § 1291. The collateral order doctrine, however, permits immediate appellate review of a "small class" of interlocutory orders "that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)). The doctrine is narrow by design, and its conditions are "stringent." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994).

Orders denying dispositive pretrial motions asserting immunity from suit ordinarily satisfy that standard, and the same is true of orders that decline or refuse to rule on an immunity claim. *See Walton v. City of Verona*, 82 F.4th 314, 320 (5th Cir. 2023) (collecting cases); *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986). Such an order, the Supreme Court has explained,

"conclusively" determines the immunity question in either of two ways. *See Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985). First, "it may represent the trial court's conclusion that even if the facts are as asserted by the defendant, the defendant's actions . . . are [ ] not within the scope of the qualified immunity." *Id*. Second, the court "may rule only that if the facts are as asserted by the plaintiff, the defendant is not immune." *Id.* In either case, the order is effectively unreviewable on later appeal because it deprives the defendant of immunity's protection against "standing trial" and avoiding the burdens of "such pretrial matters as discovery" where possible. *Id.* at 526 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816–18 (1982)); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Helton*, 787 F.2d at 1017. Once those burdens are imposed, the right immunity confers cannot be remedied on appeal from final judgment. *Mitchell*, 472 U.S. at 526–27 (citing *Harlow*, 457 U.S. at 816–19).

These principles explain why we had jurisdiction to consider the first two interlocutory appeals in this case. In the first, the district court "denied" Defendants' immunity-based motion to dismiss "without prejudice to refile as a motion for summary judgment." *Lopez I*, 2022 WL 3230442, at *1. In the second, the court "summarily denied Defendants' motion without prejudice in a minute-entry order." *Lopez II*, 2024 WL 1168048, at *1. Each conclusively rejected an immunity-based defense at the pleadings stage, addressed an issue distinct from the merits, and required Defendants continue litigating despite their asserted right not to, which could not be meaningfully reviewed after final judgment.

The mediation order before us is different. True, the court "denied" all pending motions, including Defendants' motion to dismiss. But it did so without prejudice as an incident of referring the case to mediation. The court made plain that the immunity question could be taken up after mediation concluded on a refiled motion to dismiss and preserved Defendants'

"substantive or procedural right[s] . . . with regard to any motion which may be filed or refiled." At the same time, the court effectively suspended the litigation by canceling all scheduling-order deadlines and pending settings. This is not the order of a court that "intends to have nothing further to do . . . with the motion." *Ueckert v. Guerra*, 38 F.4th 446, 450 (5th Cir. 2022) (quoting *State Nat. Bank of El Paso v. United States*, 488 F.2d 890, 893 (5th Cir. 1974)). Nor is it a flat "refusal to rule on a claim of immunity until trial." *Helton*, 787 F.2d at 1017.

Put plainly, the order did not conclusively deny Defendants' asserted immunity; the district court offered no analysis of the issue whatsoever. Given the peculiar (and tortured) procedural history of this case, and given that the parties and the magistrate judge immediately concluded that the ordered mediation would not be productive and therefore would not be conducted, the district court's order did not impose the litigation burdens immunity is designed to prevent.

Defendants highlight *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), and *Ashley v. Clay County*, 125 F.4th 654 (5th Cir. 2025), as compelling an opposite result. Both are distinguishable. In *Carswell*, the district court issued a scheduling order that denied an immunity-based motion to dismiss without prejudice, "postponed ruling on the immunity issue until summary judgment," and permitted discovery against the individual defendants in the meantime. 54 F.4th at 309–11. We found that arrangement "'effectively . . . denied [defendants] the benefits of the qualified immunity defense' and 'vest[ed] this court with the requisite jurisdiction to review the discovery order.'" *Id.* at 311 (quoting *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). The mediation order here did the opposite. It cancelled all scheduling-order deadlines, halted pending settings, and preserved Defendants' substantive and procedural rights. The hallmark of *Carswell*, the

imposition of active litigation burdens despite an unresolved immunity claim, is absent here.

*Ashley* is the closer case but is equally unavailing. There, a former hospital employee sued Clay County and its county-owned hospital, alleging First Amendment retaliation and a violation of the Texas Occupations Code. *Ashley*, 125 F.4th at 657–58. The hospital moved to compel arbitration under an employment agreement. *Id.* at 658. The County asserted governmental immunity under Texas law and moved to dismiss. *Id.* Rather than address the County's immunity defense, the district court *sua sponte* compelled the County to arbitrate alongside the hospital and denied the County's motion to dismiss as moot. *Id.* We held that the district court's refusal to address the issue of the County's immunity before compelling arbitration and denying the County's motion to dismiss constituted a "final decision" under 28 U.S.C. § 1291. *Id.* at 661. Two features of *Ashley* that drove the outcome are absent here.

First, the County's governmental immunity defense, if successful, "operates as a jurisdictional bar" that would have prevented the district court from compelling arbitration. *Id.* This created an "underlying jurisdictional tension" between governmental immunity and the Federal Arbitration Act's ("FAA") statutory bar on interlocutory appeals of arbitration orders under 9 U.S.C. § 16(b)(2). *Id.* at 660. To resolve that tension, we framed the question as "whether the district court properly addressed its own jurisdiction to compel arbitration." *Id.* And because the district court denied the County's immunity defense, thereby failing to assure itself of its own authority to compel the County to arbitrate "in accordance with established principles of jurisdictional authority," the decision was final for purposes of § 1291. *Id.* at 661. Defendants here assert absolute legislative and qualified immunity, neither of which concern the district court's jurisdiction. *Nevada v. Hicks*, 533 U.S. 353, 373 (2001)

("There is no authority what[so]ever for the proposition that absolute- and qualified-immunity defenses pertain to the court's jurisdiction[.]"); *see also St. Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) ("[L]egislative immunity is not a jurisdictional bar . . . .").[1]

Second, the district court's order in *Ashley* eliminated the County's opportunity to obtain a pretrial immunity ruling. By compelling the County to arbitrate before resolving immunity, 125 F.4th at 658, the district court shifted resolution of the merits to another forum and bound the County to its outcome. *See Doe v. Tonti Mgmt. Co.*, 24 F.4th 1005, 1008–09 (5th Cir. 2022). Such an order consigns the immunity-asserting defendant to merits-stage proceedings in that other forum, with no mechanism to obtain a pretrial immunity ruling. By contrast, nothing in the district court's order here eliminated Defendants' ability to press their immunity defense. It deferred a ruling, but it also deferred discovery, case management deadlines, and the like, while expressly preserving Defendants' right to refile their immunity motion.

The record reinforces that, in this case at least, the district court's order did not constitute an effective denial of Defendants' immunity defense. Defendants concede that the parties "almost immediately" reported to the magistrate judge that mediation would be unproductive, and that "the magistrate judge agreed not to conduct the mediation." The mediation order

---

[1] The Eleventh Circuit's decision in *Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445 (11th Cir. 1996), is distinguishable for the same reason. The immunity defense there was Eleventh Amendment immunity, which "is in the nature of a jurisdictional bar" and which protects sovereign states from the very "indignity" of being subjected to private suit. *Id.* at 1448 (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)). In other words, the Eleventh Amendment's "ultimate justification is the importance of ensuring that the States' dignitary interests can be fully vindicated." *Puerto Rico*, 506 U.S. at 146.

expressly contemplated the next step: that the immunity question would be taken up on a refiled motion. The order is, in substance, a case-management deferral pending a discrete, nonbinding event that Defendants emphasize never occurred, not a conclusive determination of anything.

Our unpublished decision in *De Leon v. Munoz*, No. 24-40215, 2025 WL 957500 (5th Cir. Mar. 31, 2025) (per curiam) (unpublished), points the same way.[2] There, the district court denied a defendant's motion to dismiss on qualified immunity "without prejudice to his right to refile after mediation." *Id.* at *1 n.2, *4. The defendant later filed a second motion to dismiss, which the district court again denied. *Id.* at *4–*5. The defendant noticed his appeal within thirty days of the second order. *Id.* at *1 n.2. The plaintiff argued the first order triggered the notice deadline, rendering the appeal untimely. *Id.* We disagreed, holding that the court's "denial of [defendant]'s first motion to dismiss . . . without prejudice to his right to refile after mediation . . . was not a final, unequivocal refusal to render a pretrial determination of [defendant]'s qualified immunity defense," and thus "was not an appealable final decision for purposes of 28 U.S.C. § 1291." *Id.* (citing *Ueckert*, 38 F.4th at 453).

At bottom, the result here, as in *De Leon*, follows from the two grounds the Supreme Court identified in *Mitchell*. The mediation order does not "represent the trial court's conclusion" that, on Defendants' version of the facts, immunity does not apply, *Mitchell*, 472 U.S. at 527, because the district court conducted no immunity analysis at all. Nor does it deprive Defendants of immunity's protection against "standing trial" or against "such pretrial matters as discovery." *Mitchell*, 472 U.S. at 526 (citing *Harlow*, 457 U.S. at

---

[2] Unpublished opinions issued on or after January 1, 1996, are not binding precedent, but they may be persuasive authority. *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.

816–18); *Behrens*, 516 U.S. at 308. The order suspended discovery, cancelled case-management deadlines, and contemplated that any immunity ruling would be made on a refiled motion following a nonbinding mediation that Defendants concede never occurred. Because the order neither rejected the immunity defense nor imposed the litigation burdens immunity exists to prevent, it is not an appealable final decision for purposes of § 1291.[3]

## III

We DISMISS the appeal for lack of appellate jurisdiction.

---

[3] We again note our concern that the district court has yet to provide the reasoned, individualized analysis necessary to resolve Defendants' immunity assertions. Immunity is an entitlement to avoid not just liability, but also the burdens of litigation. *Mitchell*, 472 U.S. at 526. Those issues should be addressed promptly and consistently with this court's earlier mandates on a refiled motion to dismiss, rather than further deferred without explanation. The case now proceeds before Chief Judge Crane, to whom it has since been reassigned.