**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALFRED MILTON EVANS, an individual;
SOUTHEASTERN OKLAHOMA FAMILY
SERVICES, INC., a corporation,

        Plaintiffs-Appellees,

    v.

MIKE FOGARTY, in his individual capacity,
as well as in his official capacity as Chief
Executive Officer for the Oklahoma Health
Care Authority; TERRIE FRITZ, in her
individual capacity, as well as in her official
capacity as Director of Behavioral Health for
the Oklahoma Health Care Authority; DANA
BROWN, in her individual capacity, as well as
in her official capacity as Legislative Liaison
from the Oklahoma Health Care Authority,

        Defendants-Appellants,

    and

DR. LYNN MITCHELL, in his individual
capacity, as well as in his official capacity as
State Medicaid Director for the Oklahoma
Health Care Authority; T.J. BRICKNER, JR.,
in his official capacity as Vice-Chairman for
the Oklahoma Health Care Authority;
RONALD ROUNDS, O.D., in his official
capacity as member of the Oklahoma Health
Care Authority Board of Directors; WAYNE
HOFFMAN, in his official capacity as member
of the Oklahoma Health Care Authority Board
of Directors; JERRY HUMBLE, in his official
capacity as member of the Oklahoma Health

No. 04-6007

(W.D. Oklahoma)

(D.C. No. 01-CV-252-H)

Care Authority Board of Directors; CHARLES ED McFALL, in his official capacity as Chairman of the Oklahoma Health Care Authority Board of Directors; GEORGE MILLER, in his official capacity as member of the Oklahoma Health Care Authority Board of Directors; LYLE ROGGOW, in his official capacity as member of the Oklahoma Health Care Authority Board of Directors,

Defendants.

## ORDER AND JUDGMENT [*]

Before **KELLY** , **ANDERSON** , and **O'BRIEN** , Circuit Judges.

Defendants Mike Fogarty, Terrie Fritz and Dana Brown, employees of the Oklahoma Health Care Authority ("OHCA"), seek an interlocutory appeal of the district court's order denying their request to file a third motion for summary judgment asserting that they are entitled to qualified immunity from plaintiffs' 42 U.S.C. § 1983 lawsuit. For the reasons that follow, we conclude we lack jurisdiction over this appeal and dismiss it.

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs, Alfred Milton Evans, the Southeastern Oklahoma Family Services, Inc. ("SOFS"), providers of mental health care in southeastern Oklahoma, as well as some SOFS patients, brought this § 1983 action against defendants and others, [1] alleging, *inter alia*, that their First Amendment rights were violated when defendants retaliated against them for speaking publicly about various issues affecting Oklahoma's Medicaid system.

The resolution of this appeal requires a general understanding of the lengthy history of this litigation:  Plaintiffs initially successfully obtained a preliminary injunction against defendants barring them from continuing to violate plaintiffs' constitutional rights.  Defendants first raised the defense of qualified immunity in their answer to plaintiffs' third amended complaint.  Appellants' App. at 56-63.  They then filed a motion to dismiss based on qualified immunity.  Appellees' App. to Mot. to Dismiss at tab 3.  The district court denied defendants' motion to dismiss and defendants did not attempt to appeal.

Defendants then filed a motion for summary judgment on various grounds with no mention of a defense of qualified immunity.  They subsequently withdrew the motion.  Defendants thereafter filed eight further separate motions for summary judgment against plaintiffs.  None of those motions raised the defense

---

[1]The remaining defendants were all connected to OHCA in various capacities.

of qualified immunity either. The court denied these motions and defendants did not attempt an appeal.

The parties subsequently filed a joint pretrial report which also failed to raise a defense of qualified immunity. A five-day trial in April 2003 resulted in a jury verdict in favor of plaintiffs. Defendants did not raise the issue of qualified immunity in any of their trial or post-trial motions.

However, for reasons not relevant here, the district court later granted defendants' motion for a new trial. Prior to this second trial, defendants sought permission from the district court to file yet another motion for summary judgment seeking to raise specifically the defense of qualified immunity. The district court denied the request, stating as follows:

> To the extent defendants seek leave to assert a qualified immunity defense by summary judgment motions to be filed, their motion is DENIED. This case has already gone to trial once. The pretrial order entered in the case did not preserve or assert the defense of qualified immunity. While a second trial need not necessarily involve the same witnesses and proof, the Court concludes it is inappropriate, in the circumstances of this case, to permit defendants to raise new and different legal issues or defenses not at issue in the first trial.

Order, Appellees' App. to Mot. to Dismiss at tab 11.

Defendants seek to effect an appeal of that order denying them permission to file another motion for summary judgment asserting the defense of qualified immunity. They argue the order is tantamount to a final decision denying them

-4-

the defense of qualified immunity and, as such, is appealable on an interlocutory basis under Mitchell v. Forsyth , 472 U.S. 511 (1985).

Meanwhile, the case has been fully tried to a conclusion for the second time, resulting again in a jury verdict adverse to defendants. In the second trial, as both parties concede, defendants were able to raise a defense of qualified immunity. Indeed, they concede that the issue was included in the pretrial order and was the subject of extensive Fed. R. Civ. P. 50 written submissions, which apparently remain pending before the district court. [2]

Plaintiffs seek dismissal of this appeal for lack of appellate jurisdiction. We agree with plaintiffs. While the denial of qualified immunity can be an appealable collateral order, see Digital Equip. Corp. v. Desktop Direct, Inc. , 511 U.S. 863, 867 (1994); Mitchell , 472 U.S. at 526, the district court's order in this case did not address any qualified immunity issue. It was simply a pretrial order denying defendants' request to file a motion. See Edwards v. Cass County , 919 F.2d 273 (5th Cir. 1990). Defendants will have a full opportunity to address any properly preserved qualified immunity issue on appeal from the adverse jury verdict reached in, and any adverse post-trial rulings with respect to, the second

_____

[2]Although the defendants sought to effect this interlocutory appeal prior to the conclusion of the second trial, we permitted the trial to proceed based upon the district court's certification that the appeal was frivolous and not taken in good faith.

trial.  Defendants' assertion that they are somehow prejudiced by our refusal to hear this interlocutory appeal because they will otherwise be required to post a bond in order to gain review of their qualified immunity defense is unavailing.  It does not transform an otherwise unappealable order into an appealable one, and it does not serve the core purpose for an interlocutory appeal set out in <u>Mitchell</u>.  To the contrary, any remand for proceedings on the summary judgment motion at this late date will add both delay and expense, and, at best, probably only postpone the time when an appeal bond will have to be posted.  Thus, as a practical matter, the attempted appeal is effectively moot.

Accordingly, in the peculiar circumstances of this case, we lack jurisdiction to review on an interlocutory basis the district court's order denying defendants permission to file a motion for summary judgment.  Appeal DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge