*Maye v. City of New Haven*

# United States Court of Appeals
## For the Second Circuit

August Term 2023

Argued:  December 12, 2023
Decided:  December 26, 2023

No. 23-459

SOLOMON MAYE,

*Plaintiff-Appellee,*

*v.*

CITY OF NEW HAVEN, CHERELLE CARR,
JOHN FOLCH, LEONARDO SOTO,

*Defendants-Appellants.*\*

Appeal from the United States District Court
for the District of Connecticut
No. 21-cv-40, Alvin W. Thompson, *Judge.*

Before:  CALABRESI, SULLIVAN, and PÉREZ, *Circuit Judges.*

Defendants-Appellants the City of New Haven and three New Haven Police Officers (collectively, "the City") bring this interlocutory appeal of the district court's denial of their motion for summary judgment on Plaintiff Solomon Maye's claims that the City violated his constitutional rights by evicting him from his place

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

of business. The district court (Thompson, *J.*) did not reach the merits of the City's motion, which was based solely on the defense of qualified immunity. Instead, the district court denied the motion because it was filed more than six months after the court's deadline for the filing of dispositive motions. Since a district court's denial of a motion for summary judgment on the grounds that it is untimely is not a "denial of a claim of qualified immunity" that "turns on an issue of law," *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), the City is not entitled to an immediate appeal under the collateral order doctrine. And because we identify no other source of jurisdiction, we dismiss the appeal.

APPEAL DISMISSED.

> ALAN R. DEMBICZAK, Howd & Ludorf, LLC, Wethersfield, CT, *for Defendants-Appellants*.

PER CURIAM:

Defendants-Appellants the City of New Haven and three New Haven Police Officers (collectively, "the City") bring this interlocutory appeal of the district court's denial of their motion for summary judgment on Plaintiff Solomon Maye's claims that the City violated his constitutional rights by evicting him from his place of business. The district court (Thompson, *J.*) did not reach the merits of the City's motion, which was based solely on the defense of qualified immunity. Instead, the district court denied the motion because it was filed more than six months after the court's deadline for the filing of dispositive motions. Since a district court's denial of a motion for summary judgment on the grounds that it is untimely is not a "denial of a claim of qualified immunity" that "turns on an issue of law," *Mitchell*

*v. Forsyth*, 472 U.S. 511, 530 (1985), the City is not entitled to an immediate appeal under the collateral order doctrine. And because we identify no other source of jurisdiction, we must dismiss the appeal.

## I. BACKGROUND

Proceeding *pro se*, Maye brought suit against the City under 42 U.S.C. § 1983, alleging that in 2020 City police officers illegally evicted him from the building that he leased for his gym business, Get'Em Boy Boxing LLC. In its answer, the City asserted the affirmative defense of qualified immunity. The district court set a deadline of August 30, 2022 for dispositive motions, but the City did not file a motion for summary judgment by that date. Nor did the City make any mention of qualified immunity in its August 18, 2022 memorandum in opposition to Maye's motion for summary judgment. Thereafter, Maye and the City of New Haven consented to the jurisdiction of a magistrate judge to "conduct any or all proceedings . . . and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1).

On October 19, 2022, more than a month and a half after the deadline for dispositive motions, the City filed a motion to extend the time to file dispositive motions *nunc pro tunc*. Again, the City made no mention of its qualified immunity defense, nor did it indicate that it wished to make a motion based on qualified

3

immunity. Magistrate Judge Maria E. Garcia, to whom the case had been assigned, promptly denied the motion two days later, noting that the City had not demonstrated good cause for an extension. On December 22, 2022, the City filed a second motion to extend the time to file dispositive motions, arguing for the first time that summary judgment was warranted on the basis of qualified immunity. The magistrate judge denied the motion – which she construed as a motion for reconsideration of her order denying the first motion for an extension – on the grounds that the motion was both untimely and failed to identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Dist. Ct. Doc. No. 142 (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted)).

Undeterred, on January 13, 2023, the City filed a motion for reconsideration of the magistrate judge's denial of its second extension request. On January 24, 2023, the magistrate judge denied this motion as well, noting that the court had not overlooked any controlling decisions in its previous orders.

On January 30, 2023, the magistrate judge notified the parties that the police officer defendants had never consented to the referral of the case to a magistrate

4

judge, though they were represented by the same lawyers as the City of New Haven and had at no point objected to such referral. After the magistrate judge raised the issue with the parties, the police officer defendants filed a notice stating that they "do not consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings." Dist. Ct. Doc. No. 156 at 1. The magistrate judge then transferred the case back to the presiding district court judge.

On March 10, 2023, the City filed a motion for summary judgment in the district court, making no mention of the district court's August 30, 2022 deadline for filing dispositive motions, the City's previous *nunc pro tunc* motions to extend that deadline, or the magistrate judge's repeated denials of such motions. Three days later, the district court held a hearing on the City's motion, at which it asked defense counsel to "share with me your thinking as to why you were permitted to file that summary judgment motion in light of the . . . January 24th ruling." Dist. Ct. Doc. No. 168 at 7–8. The district court ultimately denied the motion as untimely, noting that "[t]ransferring to [a] new judge doesn't do away with the prior rulings or deadlines." *Id.* at 9; *see* Dist. Ct. Doc. No. 166.

Thereafter, the City filed this interlocutory appeal, asserting that this Court has jurisdiction under 28 U.S.C. § 1291. Maye, who is still proceeding *pro se*, has not filed an appearance, response brief, or acknowledgment of the notice of hearing date.

## II. DISCUSSION

"Before considering the merits of an appeal, we are obliged to assure ourselves that appellate jurisdiction exists." *In re ALBA Petróleos de El Salvador S.E.M. de C.V.*, 82 F.4th 105, 109 (2d Cir. 2023) (internal quotation marks omitted). Because we find that we have no jurisdiction here, we must dismiss the appeal.

"Ordinarily, orders denying summary judgment do not qualify as 'final decisions' subject to appeal." *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) (quoting 28 U.S.C. § 1291). Nevertheless, under the collateral order doctrine, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291." *Mitchell*, 472 U.S. at 530 (quoting 28 U.S.C. § 1291). "On the other hand, if a factual determination is a necessary predicate to the resolution of whether qualified immunity is a bar," immediate appeal is unavailable. *Cartier v. Lussier*, 955 F.2d 841, 844 (2d Cir. 1992); *see also Franco v. Gunsalus*, 972 F.3d 170, 174 (2d Cir. 2020)

6

("[A]n appellate court lacks jurisdiction to review a denial of qualified immunity by a district court based on the existence of [a genuine] factual dispute."). Of course, "where the district court has denied a qualified-immunity-based motion for summary judgment on the ground that there are triable issues as to which party's version of the facts is to be accepted, a defendant may pursue an immediate appeal if he adopts the plaintiff's version of the facts, contending that the facts asserted by the plaintiff entitle the defendant to the defense of qualified immunity as a matter of law." *O'Bert ex rel. Est. of O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir. 2003) (alterations and internal quotation marks omitted). Furthermore, a defendant may pursue an immediate appeal where the district court denies a motion for summary judgment on the merits without addressing the defendant's assertion of qualified immunity, s*ee Ford v. Moore*, 237 F.3d 156, 161 (2d Cir. 2001), or where the court denies such a motion "on the premise that the court is unable to, or prefers not to, determine the motion without discovery into the alleged facts," *see X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 66 (2d Cir. 1999).

None of these scenarios is present here. The district court's denial of the City's motion asserting qualified immunity did not turn on an issue of law. Indeed, it did not turn on the merits of the motion at all. Instead, the district court

7

denied the motion because it was filed more than six months after the August 30, 2022 deadline for dispositive motions, a deadline set before the case was referred to the magistrate judge for adjudication. The collateral order doctrine as set forth in *Mitchell* therefore does not apply, and the district court's order is not an appealable final decision under section 1291.

The principles underlying the collateral order doctrine reinforce this conclusion. "The requirements for appeal under the collateral order doctrine have been distilled down to three conditions: that an order [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Fischer v. N.Y. State Dep't of Law*, 812 F.3d 268, 273 (2d Cir. 2016) (alterations in original) (internal quotation marks omitted). Because the district court did not rule on the merits of the City's untimely motion, the City remains free to assert its qualified immunity defense at trial through Federal Rule of Civil Procedure 50. The district court's order therefore did not "conclusively determine the disputed question," and immediate appeal is unwarranted. *Id.*

To be sure, the City's tardiness may have cost it its "immunity from suit," leaving it with "a mere defense to liability."[1] *Mitchell*, 472 U.S. at 526. But the City has only itself to blame for its predicament. Because qualified immunity, unlike subject matter jurisdiction, is an affirmative defense that can be waived, we decline to extend the collateral order doctrine to allow immediate appeal from an order denying as untimely a motion asserting that defense. *See McCardle v. Haddad*, 131 F.3d 43, 51 (2d Cir. 1997) (holding that qualified immunity defense can be waived by failure to raise it in a timely fashion or failure to raise it with sufficient particularity); *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) ("Defects in subject matter jurisdiction cannot be waived and may be raised at any time during the proceedings.").

We are not the first Circuit to confront this issue. The Fifth Circuit has held that it lacked jurisdiction under the collateral order doctrine to hear an interlocutory appeal from an order denying as untimely a motion asserting qualified immunity. *See Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275–76 (5th Cir. 1990) ("The defendants forewent their right to file such a motion by allowing the motions deadline to expire without either filing a motion for summary judgment

---

[1] We say "may" because the district court could, for good cause, amend its scheduling order under Federal Rule of Civil Procedure 16(b).

or requesting extension of the deadline. Hence, we perceive no grant of appellate jurisdiction under the narrow exceptions to finality carved out by *Mitchell* and *Helton*. . . . *Mitchell* is not designed as an automatic exemption from the orderly processes of docket control."); *see also Evans v. Fogarty*, 123 F. App'x 863, 865 (10th Cir. 2005) (citing *Edwards* and dismissing interlocutory appeal for lack of jurisdiction in a non-precedential opinion). And while the First and the Eleventh Circuits have extended the collateral order doctrine to allow interlocutory appeals from such orders, *see Valiente v. Rivera*, 966 F.2d 21, 23 (1st Cir. 1992); *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1183–84 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002), we agree with the Fifth Circuit that such an expansion is unwarranted, since it would essentially grant defendants the right to assert a qualified immunity defense at any time, regardless of the district court's prior scheduling orders, as though the affirmative defense were the equivalent of a challenge to subject matter jurisdiction.

The City has identified no other basis for this Court's appellate jurisdiction, and we see none. The district court's denial of summary judgment is not appealable under 28 U.S.C. § 1292(a) as an order involving an injunction, and the district court certainly never certified its order for appeal under either 28 U.S.C.

10

§ 1292(b) or Federal Rule of Civil Procedure 54(b). *See Di Bella v. United States*, 369 U.S. 121, 125–26 (1962) (discussing requirements for interlocutory appeal under sections 1292(a) and (b) and Federal Rule of Civil Procedure 54(b)). In short, the City is not entitled to an immediate appeal in this action.

We note that we have on occasion "treat[ed] appeals dismissed for lack of jurisdiction as petitions for a writ of mandamus." *Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 242 (2d Cir. 2006) (construing dismissed appeal from denial of claim of immunity under the Foreign Sovereign Immunities Act as mandamus petition and denying that petition). We have no reason to do so here.[2] Put simply, parties are not generally free to make motions – even motions based on qualified immunity – whenever or however they please, in direct contravention of a district court's scheduling orders. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("[A] scheduling order ruling under [Rule 16(b)] is . . . reviewed for abuse of discretion."). To hold otherwise would undermine the "inherent power and responsibility [of district courts] to manage

---

[2] "Mandamus is a drastic and extraordinary remedy," and "[o]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify [its] invocation." *In re Zyprexa Prod. Liab. Litig.*, 594 F.3d 113, 118 (2d Cir. 2010) (alterations and internal quotation marks omitted). This case does not present such circumstances.

11

their dockets so as to achieve the orderly and expeditious disposition of cases." *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (internal quotation marks omitted).

### III. CONCLUSION

Because we have no jurisdiction, we **DISMISS** the appeal.