24-1298-cv
*Ameriway Corp. v. Chen*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty-five.

Present:

> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

————————————————————————

AMERIWAY CORPORATION,

> *Plaintiff-Counter-Defendant-Appellee*,

> v.                                                                                  No. 24-1298-cv

MAY YAN CHEN, d/b/a ABILITY CUSTOMS BROKER,

> *Defendant-Third-Party-Plaintiff-Counter-Claimant-Appellant*,

ABILITY CUSTOMS INC.,

> *Defendant-Counter-Claimant*,

EAGLE TRADING USA, LLC, XIYAN ZHANG, SHIPING JIA,

> *Third-Party-Defendants*.

————————————————————————

For Plaintiff-Counter-Defendant-Appellee:                          PETE S. WOLFGRAM,
                                                                    Stratum Law LLC,
                                                                    Philadelphia, PA.

For Defendant-Third-Party-Plaintiff-Counter-Claimant-Appellant:    QUYNH CHEN,
                                                                    Q. Chen Law,
                                                                    Newark, CA.

Appeal from the December 27, 2021 and April 9, 2024 orders of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** and the request for leave to file a petition for a writ of mandamus is **DENIED**.

Defendant-Third-Party-Plaintiff-Counter-Claimant-Appellant May Yan Chen appeals from the district court's December 27, 2021 order dismissing Chen's third-party complaint against Third-Party-Defendants Eagle Trading USA, LLC ("Eagle"), Xiyan Zhang, and Shiping Jia, and its April 9, 2024 order denying reconsideration thereof. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

Plaintiff-Counter-Defendant-Appellee Ameriway Corporation ("Ameriway") is a third-party logistics company that provides import services to Chinese exporters. Beginning in 2017, Ameriway retained Chen and her company, Ability Customs, Inc., to provide customs clearance services. "[T]o keep paperwork relating to importation of cargo and payment of customs duties separate from Ameriway's primary logistics business," Ameriway designated Eagle as its importer

2

of record.[1]   App'x at 12.   With Chen's assistance, Eagle cleared Ameriway's cargo and served as the "temporary owner of the shipping goods until they were accepted by and transferred to . . . Ameriway, at the port of entry."   *Id.*   Their arrangement went awry in August 2019 after Chen seized five of Ameriway's cargo detainers to recoup balances allegedly unpaid by Eagle and Ameriway.

In October 2019, Ameriway commenced the present action.   The operative complaint asserts, *inter alia*, state law claims of conversion and fraud as well as civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) against May Chen and Ability Customs, Inc.    In response, Chen counterclaimed against Ameriway and sought compensation for unpaid invoices that Ameriway was allegedly obligated to pay pursuant to a power of attorney agreement executed between Ameriway and Eagle.   Thereafter, Chen also filed a third-party complaint directly against Eagle and two of its corporate officers—Xiyan Zhang and Shiping Jia—asserting various tort and contract claims.   Eagle, Zhang, and Jia filed a motion to dismiss the third-party complaint in October 2020.   After deeming the motion unopposed, the district court dismissed the third-party complaint on December 27, 2021, and subsequently denied Chen's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) on April 9, 2024.

---

[1] As relevant to this appeal, Ameriway and Eagle are separate corporate entities but have overlapping corporate officers.   For example, Xiyan Zhang is both the CEO of Ameriway and the COO of Eagle.   The precise contours of the corporate relationship are not clear in the record, because the notice of appeal was filed before the close of discovery and the district court granted a motion to stay proceedings while this Court considers this interlocutory appeal.

On appeal, Chen seeks dismissal of the "entire case" because the district court was purportedly acting outside the bounds of its subject-matter jurisdiction in dismissing the third-party complaint.[2]   Appellant's Br. at 9.   In the alternative, Chen seeks a writ of mandamus to confine the district court to the bounds of its "prescribed jurisdiction."[3]   Appellant's Reply Br. at 10.   Because we lack appellate jurisdiction and deny leave to file a petition for a writ of mandamus, we do not reach the merits of the issues raised.

*          *          *

"In every appeal . . . the first and fundamental question is that of jurisdiction, first, of this [C]ourt, and then of the court from which the record comes." *Marquez v. Silver*, 96 F.4th 579, 582 (2d Cir. 2024) (internal quotation marks omitted).   "Only if this Court has appellate jurisdiction may we then proceed to review a district court's jurisdiction." *In re PB Life & Annuity Co.*, No. 23-1219, 2024 WL 2972718, at *3 (2d Cir. June 13, 2024) (summary order). Aside from narrow exceptions, "[u]nder 28 U.S.C. § 1291, [this Court] may review only a district

---

[2] Specifically, Chen contends that the district court's exercise of supplemental jurisdiction over her own third-party complaint was erroneous because supplemental jurisdiction was predicated on subject-matter jurisdiction over Ameriway's federal RICO claim.   Chen contends that Ameriway has no Article III standing to pursue its claims because it lacks any "possessory interest" in the seized containers. Appellant's Br. at 8.   Thus, according to Chen, the district court's exercise of jurisdiction over any part of the action was impermissible.

[3] Because Chen did not request a writ of mandamus until her reply brief, we have concerns regarding forfeiture of this request.   *See Meyer v. Seidel*, 89 F.4th 117, 128 (2d Cir. 2023) ("[W]ith or without an explicit concession, an issue raised for the first time only in a reply brief has been [forfeited].").   But this Court has on at least one occasion addressed the merits of a request for the writ in a similar posture.   *See United States v. Helmsley*, 866 F.2d 19, 20, 22 (2d Cir. 1988) (addressing the merits of the writ after a request was first made in a reply brief to treat the appeal as a petition for a writ of mandamus "if th[e] court determined that an interlocutory appeal was unwarranted").   Assuming, without deciding, that Chen's request has not been forfeited, we address Chen's arguments for granting leave to file a petition for a writ of mandamus and find them to be meritless.

4

court's 'final decisions.'" *Amara v. Cigna Corp.*, 53 F.4th 241, 247 (2d Cir. 2022). Because Chen concedes that her appeal is not taken from a final judgment, *see* Appellant's Reply Br. at 6, we assess whether the decisions appealed satisfy the collateral order doctrine or, alternatively, whether the appeal should be construed as a motion for leave to file a petition for a writ of mandamus. *See In re ALBA Petróleos de El Salvador S.E.M. de C.V.*, 82 F.4th 105, 114–15 (2d Cir. 2023) (considering whether an appeal may move forward pursuant to the collateral order doctrine or, in the alternative, warranted a petition for a writ of mandamus); *see also Zanghi v. Callegari*, No. 22-266, 2023 WL 1097560, at *2 n.2 (2d Cir. Jan. 30, 2023) (summary order) ("[Appellant] has not petitioned for a writ of mandamus, so we construe [the] request as a motion for leave to file a petition.").

## I.     Collateral Order Doctrine

Chen asks that we exercise our discretion to review the appealed-from orders pursuant to the collateral order doctrine. "The collateral order doctrine is limited to rulings that (1) are conclusive; (2) resolve important questions separate from the merits; and (3) are effectively unreviewable on appeal from the final judgment in the underlying action." *Belya v. Kapral*, 45 F.4th 621, 629 (2d Cir. 2022) (internal quotation marks omitted). Chen argues that the three requirements are met here: (1) the district court's orders conclusively exercised supplemental jurisdiction to dismiss the third-party complaint; (2) the district court's exercise of supplemental jurisdiction is separate from the merits of Ameriway's action against Chen and her counterclaims; and (3) the orders threaten to prevent Chen from litigating her state claims in a state forum due to the impending expiration of the applicable statute of limitations.

5

We need not address all of Chen's assertions because the orders "do not implicate an important issue completely separate from the merits of the [principal] action." *In re ALBA*, 82 F.4th at 113 (internal quotation marks omitted). That alone prevents us from assuming jurisdiction under the collateral order doctrine. Here, whether the district court erred in exercising supplemental jurisdiction over Chen's third-party complaint is "intertwined with unresolved factual issues" that are core to Ameriway's claims and Chen's counterclaims. *Barrett v. United States*, 853 F.2d 124, 131 (2d Cir. 1988). In fact, Chen's opening brief effectively concedes the interlinkage, by arguing that "the district court does not have discretion to exercise supplemental jurisdiction over the [third-party complaint] when [Ameriway] lacks Article III standing" to sue. Appellant's Br. at 36. But Ameriway's standing—whether it has a possessory interest in the containers and its relationship to Eagle in the chain of title—is disputed and subject to discovery. Moreover, because the district court's exercise of supplemental jurisdiction over the third-party complaint was anchored by Ameriway's federal RICO claims, the district court was entitled, at that stage of the litigation, to dismiss that complaint by relying on Ameriway's allegations that "affirmatively and plausibly suggest that [Ameriway] has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)); *see* App'x at 12–13 (detailing allegations to substantiate that Ameriway "solely owned" the "subject containers"). Consequently, we do not have appellate jurisdiction over Chen's appeal.

## II.     Writ of Mandamus

In the alternative, Chen requests that we construe her appeal as a request for leave to file a petition for a writ of mandamus. *See* 28 U.S.C. § 1651(a) (permitting this Court to "issue all

writs necessary or appropriate in aid" of our jurisdiction). The writ of "[m]andamus is 'drastic and extraordinary,' requiring that there are [1] 'no other adequate means to attain the relief,' [2] the petitioner has a 'clear and indisputable' right to the writ, and [3] 'the writ is appropriate under the circumstances.'" *In re ALBA*, 82 F.4th at 115 (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)).

Chen cannot meet this stringent standard. As noted above, because the district court did not err in relying on Ameriway's plausible allegations to determine that it may exercise supplemental jurisdiction to dismiss the third-party complaint, Chen has not shown that she has a "clear and indisputable right to the writ." *Id.* Additionally, this is not an extraordinary case where Chen has no other adequate means for relief. For instance, Chen could have moved to certify the orders under either 28 U.S.C. § 1292(b) or Federal Rule of Civil Procedure 54(b) to secure appellate jurisdiction but inexplicably failed to do so. *See Maye v. City of New Haven*, 89 F.4th 403, 408 (2d Cir. 2023) (per curiam) (discussing both pathways); 28 U.S.C. § 1292(b) (permitting a district court judge to certify a "controlling question of law" for interlocutory appeal); Fed. R. Civ. P. 54(b) (permitting a district court, in a multi-claim or multi-party action, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties"). Overall, our review of the record does not reveal "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion [that] justify the invocation of this extraordinary remedy." *Cheney*, 542 U.S. at 380 (internal citations and quotation marks omitted). Therefore, we deny leave to file a petition for a writ of mandamus.

\* \* \*

7

We have considered Chen's remaining arguments and conclude that they are without merit. For the reasons set forth above, the appeal is **DISMISSED**, and leave to file a petition for a writ of mandamus is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court